# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In re W.W., J.W., and B.W.**

**No. 20-0071** (Randolph County 19-JA-79, 19-JA-80, and 19-JA-81)

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.W., by counsel Morris C. Davis, appeals the Circuit Court of Randolph County's December 30, 2019, order terminating her parental rights to W.W., J.W., and B.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2019, the DHHR filed a child abuse and neglect petition alleging that the parents' substance abuse negatively affected their ability to parent the children. According to the DHHR, four-year-old W.W. disclosed witnessing his parents crush and snort pills and reported that they would "nod off, but they always wake up." The DHHR amended the petition in August of 2019 to include allegations that the parents engaged in domestic violence in the presence of the children and that the children were maltreated and unsupervised.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner assigns no error to the termination of her parental rights.

1

The circuit court held an adjudicatory hearing in November of 2019, and petitioner failed to appear. Her counsel moved for a continuance, which the circuit court denied. The DHHR presented testimony from two Child Protective Service ("CPS") workers and a law enforcement officer who assisted in the removal of the children. The circuit court adjudicated petitioner as an abusing parent based on the evidence that petitioner was "impaired and incoherent" at the time the children were removed, W.W.'s observations of petitioner's drug use, and the evidence of domestic violence in the home.

In December of 2019, the circuit court held a dispositional hearing. Petitioner moved for a post-adjudicatory improvement period and testified that she would fully participate in remedial services. However, petitioner admitted that she had failed to submit to court ordered drug screens since September of 2019, and that she did not take her Suboxone as prescribed. Petitioner could not provide her doctor's name or location, only that he was out-of-state. Further, petitioner denied that she was impaired at the time the children were removed from her custody. In contrast to petitioner's assertion that she would participate in services, the DHHR presented testimony that she was offered parenting and adult life skills classes but she failed to participate. A service provider testified that she set up an initial meeting with petitioner after several attempts, but that petitioner later cancelled the meeting. Despite other contacts from the provider, petitioner did not participate in a single parenting or adult life skills session. Additionally, the DHHR presented evidence that petitioner consistently tested positive for buprenorphine from July to August of 2019, at which time she ceased participating in drug screens and, therefore, missed thirty-seven subsequent opportunities to drug screen. The Executive Director of North Central Community Corrections testified that when participants test positive for controlled substances, they are expected to provide a valid prescription. However, petitioner never provided a prescription to justify her positive drug screen results. The circuit court ordered petitioner to submit to a drug screen on the day of the dispositional hearing; she complied and again tested positive for buprenorphine without a prescription.

Ultimately, the circuit court found that petitioner had "demonstrated no effort to address [her] deficiencies in parenting thus far" and failed to comply with the services to remediate those deficiencies. Further, the circuit court found that petitioner failed to acknowledge her parenting deficiencies. The circuit court concluded that petitioner failed to demonstrate that she was likely to fully participate in a post-adjudicatory improvement period and denied her motion for a post-adjudicatory improvement period. Additionally, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary for the welfare of the children to terminate petitioner's parental rights. The circuit court terminated petitioner's parental rights by its December 30, 2019, order. Petitioner now appeals that order.[3]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[3]The father's parental rights were terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

2

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. She asserts that she accepted responsibility of her parental deficiencies, recognized that her substance abuse was an issue, and, if offered another opportunity to do so, would participate in services to rectify those issues. Based on her testimony alone, petitioner argues that the circuit court erred in finding that she would not fully participate in an improvement period. Upon our review, we find petitioner is entitled to no relief.

West Virginia Code § 49-4-610(2)(B) provides that a circuit court may grant a parent a post-adjudicatory improvement period when she "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate in the improvement period."[4] It is well established that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "Additionally, if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Here, petitioner failed to demonstrate that she was likely to fully participate in an improvement period. The circuit court ordered petitioner to participate in parenting and adult life skills classes, and she clearly failed to do so. Additionally, petitioner continued to abuse Suboxone without a valid prescription, even testing positive for that substance on the day of the dispositional hearing. Although petitioner testified that she would fully participate in services, her actions did not support that finding. We have previously held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical

---

[4]Notably, West Virginia Code § 49-4-610(2)(A) requires a parent to file "a written motion requesting the improvement period." According to the record, petitioner failed to file such a motion.

development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. As noted by the circuit court, the children at issue in this appeal were under six years of age – J.W. and B.W. are now just two and one, respectively. Due to their tender age and petitioner's demonstrated noncompliance with services prior to the dispositional hearing, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 30, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison